IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MILLER,

        Plaintiff,                    No. 2:11-cv-0931 KJN P

    vs.

NATHANIEL ELAM,

        Defendant.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

        Plaintiff claims his medical records were released to nonmedical personnel without his authorization in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  Plaintiff does not name as defendants the person or persons who allegedly

2

released the medical records; rather, plaintiff names Nathaniel Elam, CEO, CPHCS[1] - HIPPA Program, as the sole defendant herein.  Plaintiff has also provided a January 10, 2011 letter from the office of Prison Health Care Services for the State of California, informing plaintiff that certain medical information "was inadvertently released to three CDCR staff members during a training session." (Dkt. No. 1 at 5.).  The signature block does not contain a signature, but references the CPHCS HIPAA Program.  Plaintiff was informed that if he had further questions, he should contact "Nathaniel Elam, CEO of California Medical Facility," and Elam was sent a copy of the letter, as reflected by the "cc" reference at the bottom of the letter.  (Id.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named

---

[1] The acronym "CPHCS" appears to stand for California Prison Health Care Services. (Dkt. No. 1 at 5.)

defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff claims that Nathaniel Elam is the "only person" who would know the name of the medical staff person who inadvertently released the information as well as the names of the three correctional officers who received the information.  Contrary to plaintiff's belief that he received a letter from Nathaniel Elam, the letter he received is from CPHCS, which is a separate entity from the California Medical Facility, for which Nathaniel Elam serves as the chief executive officer of health care services.  Plaintiff has failed to demonstrate that CEO Elam has personal knowledge concerning the inadvertent release of plaintiff's medical records.  Moreover, even if defendant Elam had this information, possession of this information is insufficient to state a cognizable civil rights claim against defendant Elam.[2]

Significantly, plaintiff has conceded he has failed to exhaust his administrative remedies prior to seeking federal court intervention.  (Dkt. No. 1 at 2.)  Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).[3]  A final decision from the Director's level of review satisfies the exhaustion requirement

---

[2] Plaintiff may be able to obtain the name(s) of the person(s) who released this information by contacting Mr. Elam, or plaintiff may be able to obtain this information through prison procedures.

[3] Although the issue of the failure to exhaust administrative remedies is ordinarily raised as an affirmative defense, the court addresses the issue herein because plaintiff concedes that he has failed to exhaust his administrative remedies.

under 42 § 1997e(a).  Barry v. Ratelle, 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5).  Because the letter informing plaintiff of the unauthorized release of the medical information is dated January 10, 2011, it is unlikely plaintiff received a Director's level decision by April 5, 2011, the date plaintiff presented the instant complaint to prison officials for mailing.  Plaintiff is cautioned that he cannot exhaust administrative remedies while the instant action is pending; he must exhaust those remedies prior to filing a federal court action.  Plaintiff risks incurring two court filing fees if he opts to continue this litigation without first exhausting his remedies because he will have to file another case if the instant action is dismissed based on his failure to exhaust state court remedies.

The January 10, 2011 letter provided by plaintiff appears to confirm that plaintiff's medical records were, indeed, inadvertently released without his permission, which is a violation of HIPAA.  However, a violation of HIPAA fails to state a cognizable federal civil rights claim, as set forth more fully below.

Medical records are confidential.  California Civil Code § 56.10(a) provides that

> No provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c).

Id.  However, 42 U.S.C. § 1983 is a remedy for violations of certain federal rights.  Violations of state law are not cognizable under § 1983.  See, e.g., Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on their own, give rise to liability under § 1983[.]") (citation omitted).

Moreover, federal courts have found that HIPAA created no private right of action.  U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009) ("HIPPA does not provide any private right of action."); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no right of action."); University of Colorado Hosp. v. Denver Publ'g Co., 340 F.Supp.2d 1142, 1145 (D.Colo.2004) (holding that HIPAA statutory text and structure

5

display no intent to create a private right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy).  Put another way, only the government can bring a claim against a medical provider for violation of HIPAA.  Plaintiff has failed to identify any other alleged federal constitutional violation.

This court is required to follow Ninth Circuit authority.  Because there is no private right of action under HIPAA, plaintiff's HIPAA claim is not cognizable under 42 U.S.C. § 1983, and his complaint must be dismissed.[4]  However, in an abundance of caution, plaintiff's complaint will be dismissed with leave to amend should plaintiff be able to demonstrate he obtained a Director's level review of his claim prior to filing the instant action, and can demonstrate his federal constitutional rights have been violated, and can name a culpable defendant.[5]  In the alternative, plaintiff may file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).  Voluntarily dismissing this action will provide plaintiff an opportunity to exhaust his administrative remedies and to discover the names of the person or persons responsible for the disclosure of the medical information.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

---

[4] Although the undersigned does not address herein whether it is possible for an individual to state a federal cause of action based upon disclosure of medical records, it is difficult to envision a constitutional violation based upon a one-time, *inadvertent* disclosure of a single patient's medical records.

[5] Court records reflect plaintiff has no other cases in this court.  Because plaintiff cannot amend his complaint to state a cognizable HIPAA claim in federal court, and because it appears plaintiff has failed to exhaust his administrative remedies prior to filing the instant action, this court has refrained from imposing the $350.00 filing fee.  Plaintiff is cautioned, however, that should he choose to file an amended complaint rather than a voluntary dismissal, the court will impose the filing fee and direct prison authorities to deduct the filing fee from plaintiff's trust account.  28 U.S.C. § 1915.

6

policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must comply with this order and demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////
////
////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Compliance and submit the following documents to the court:

   a. The completed Notice of Compliance;

   b. If plaintiff chooses to amend the complaint, an original and one copy of the Amended Complaint.  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint;" and

   c. If plaintiff chooses to amend the complaint, he will be assessed the $350.00 for filing this action

3. Failure to file the Notice of Compliance in accordance with this order may result in the dismissal of this action.

DATED: April 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mill0931.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MILLER,

    Plaintiff,                    No. 2:11-cv-0931 KJN P

    vs.

NATHANIEL ELAM,                  NOTICE OF COMPLIANCE

    Defendants.
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____   I hereby elect to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a).

_____   Amended Complaint.  Plaintiff acknowledges he will incur the $350.00 filing fee by selecting this option.

DATED:

                                      _____
                                      Plaintiff