IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATWAHN McELROY,

     Plaintiff,          No. 2:11-cv-0931 KJN P

  vs.

ASAD, et al.,

     Defendants.        <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
7  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
8  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
9  1227.
10         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
11 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
14 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
15 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
16 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
17 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
18 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
19 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
20 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
21 as true the allegations of the complaint in question, id., and construe the pleading in the light
22 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
23 grounds, Davis v. Scherer, 468 U.S. 183 (1984).
24         Plaintiff's complaint is sixty pages long and names twenty defendants.  Plaintiff
25 states he is alleging three to four causes of action.  (Dkt. No. 1 at 3.)  However, the screening of
26 plaintiff's complaint is difficult because plaintiff recited every alleged slight against him, some of

which bear no relevance to cognizable civil rights claims.  Plaintiff sets forth his claims in a diary-like fashion by recounting various allegations that occurred from October 6, 2010, through at least August 10, 2011, including various complaints of verbal insults and alleged threats.[1]  Plaintiff appears to challenge defendants' decision to require plaintiff to cell with another inmate, claims he was subjected to intolerable and unsanitary living conditions, alleges deliberate indifference to serious medical needs, claims that defendants failed to protect plaintiff, and alleges plaintiff was deprived of his personal property.[2]

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

---

[1] An allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment).  Therefore, these allegations do not raise a cognizable claim for violation of the Eighth Amendment.

[2] The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).  Negligent deprivations of property by a state official do not constitute a due process violation if a meaningful post deprivation remedy is available.  Hudson, 468 U.S. at 533.

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized.  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Significantly, plaintiff concedes he failed to exhaust his administrative remedies prior to seeking federal court intervention. (Dkt. No. 1 at 2.) Plaintiff declares under penalty of perjury that his second level and final level of administrative review are pending. (Id.)

Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).[3] A final decision from the Director's level of review satisfies the exhaustion requirement under 42 § 1997e(a). Barry v. Ratelle, 985 F.Supp. 1235,

---

[3] Although the issue of the failure to exhaust administrative remedies is ordinarily raised as an affirmative defense, the court addresses the issue herein because plaintiff concedes that he has failed to exhaust his administrative remedies.

4

1237-38 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5).  Each civil rights claim must be exhausted through the Director's Level review prior to filing that claim in federal court.

Because plaintiff's second and final levels of administrative review are pending, it is clear that plaintiff failed to exhaust his administrative remedies prior to filing the instant action.  Plaintiff is cautioned that he cannot exhaust administrative remedies while the instant action is pending; he must exhaust those remedies <u>before</u> filing a federal court action.  Plaintiff risks incurring two court filing fees for the same claims if he opts to continue this litigation without first exhausting his remedies because he will have to file another case if the instant action is dismissed based on his failure to exhaust state court remedies.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  Plaintiff is granted the option of either voluntarily dismissing this action, if all claims were unexhausted at the time the instant action was filed, or filing an amended complaint.

If plaintiff chooses to amend the complaint, rather than voluntarily dismiss this action, plaintiff must comply with this order and demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>May v.</u>

5

Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at

1179. Plaintiff is encouraged to use the form complaint provided by the court, and to refrain from reciting a diary of events. Failure to comply with this order may result in the court imposing a page limit on plaintiff's further filings.

Finally, plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff's amended complaint should not contain a diary of alleged transgressions; rather, it should specifically address cognizable civil rights claims with enough specificity to provide each defendant notice of the alleged violation of plaintiff's constitutional rights.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Compliance and submit the following documents to the court:

    a. The completed Notice of Compliance;

    b. If plaintiff chooses to amend the complaint, an original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of

the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint;" and

        c.  If plaintiff chooses to amend the complaint, he will be assessed the $350.00 for filing this action

      3.  Failure to file the Notice of Compliance in accordance with this order may result in the dismissal of this action.

      4.  The Clerk of Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

DATED:  October 31, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcel2537.exh

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATWAHN McELROY,

        Plaintiff,                    No. 2:11-cv-0931 KJN P

    vs.

ASAD, et al.,                         <u>NOTICE OF COMPLIANCE</u>

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

| | |
|---|---|
| _____ | Because I have not exhausted my administrative remedies, I elect to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a). |
| _____ | Amended Complaint.  Plaintiff acknowledges he will incur the $350.00 filing fee by selecting this option. |

DATED:

                                                              _____
                                                              Plaintiff